MARY FAY, administratrix, *vs.* HENRY DUDLEY.

Suffolk.   March 7. — 30, 1878.

In an action for injuries sustained by the plaintiff's intestate while in the defendant's employ, several interrogatories to the defendant, previously filed, and answers made by him, were read in evidence, one of which was as follows: " Who had the direction and supervision of work in which the intestate was engaged at the time of receiving the injury?" "Ans. I did." The plaintiff contended that the defendant, in his answer, said, or intended to say, that the intestate, at the time of the accident, was following the defendant's direction, and consequently could not be charged with negligence. The judge, in his charge to the jury, said: " The true construction of that interrogatory and answer is, not that the specific things done by the plaintiff's intestate were done in the mode prescribed by the defendant, but that the work which the plaintiff's intestate was doing, at the time the injury was sustained, was done under the direction and supervision of the defendant." *Held,* that the judge merely stated to the jury the only legal meaning that the words of the answer in question would bear; and that the plaintiff had no ground of exception.

TORT by the administratrix of the estate of Dennis Fay, for injuries received by him while in the employ of the defendant.

Trial in this court, at September term 1877, before *Lord*, J., who allowed a bill of exceptions in substance as follows:

The defendant was erecting a large building in Boston, the walls and outer foundations of which were laid in a trench dug for that purpose. Across these walls were two girders, fifty feet long, upon which the beams and floor rested. Each girder was temporarily sustained by four posts. The plaintiff's intestate was employed by the defendant to dig holes in the vicinity of these temporary posts, in which brick piers were to be laid. Two of these holes had been dug two days before the accident. On December 3, 1874, the plaintiff's intestate was employed to dig near the third post, and one Dolan to do the same near the fourth. While the men were at work the girder fell, causing the injuries complained of.

The defendant testified that he marked on the ground where Fay was to dig, and instructed him how to dig; that the first two holes were dug according to his direction; that, on the morning of the accident, he was in and out where Fay was at work, every few minutes, and that he saw Fay digging too near the post, and called out to him, but he did not appear to hear; and that he then went towards him, and that, as he was approaching, he saw Fay strike with his shovel against the plank on which the post rested, and, as he did so, the girder and beams came down.

In May, 1875, the following interrogatories to the defendant were filed, and answers made by him:

*Ques.* "1. In the month of December, 1874, or about that time, was the plaintiff's intestate, Dennis Fay, in your employ? If so, state how long, in what capacity, and when did he leave it?"

*Ans.* "He was in my employ for about two days, as a laborer, in digging out places for brick supports for a floor of my building. He left my employ about December 3."

*Ques.* "2. Was he injured while at work in your service, in one of your buildings, by the fall of a floor, or of lumber, or by other means, on his person; if so, at about what time?"

*Ans.* "He was injured by the fall of a part of floor, while in my service, about December 3, between ten and eleven in the morning."

*Ques.* " 3. Who had the direction and supervision of work in which Fay was engaged at the time of receiving the injury? Who employed and paid him? "

*Ans.* " I did."

The plaintiff's counsel, in his closing argument to the jury, read these interrogatories and answers, and argued that the defendant, in his third answer, said, or intended to say, that Fay, at the time of the accident, was following the direction of the defendant, and that consequently he could not be charged with negligence.

In his charge to the jury, the presiding judge said, in sub stance : " It has been argued by counsel that, from the third in terrogatory and answer, the mode of doing the work was under the defendant's direction. The true construction of that interrogatory and answer is not that the specific things done by the plaintiff's intestate were done in the mode prescribed by the defendant, but that the work which the plaintiff's intestate was doing, at the time the injury was sustained, was done under the direction and supervision of the defendant."

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*S. B. Allen & P. J. Flatley*, for the plaintiff, contended that the construction of the interrogatory and answer was for the jury, and not for the court, and cited Gen. Sts. c. 115, § 5 ; *Commonwealth* v. *Barry*, 9 Allen, 276 ; *Downs* v. *Hawley*, 112 Mass. 237.

*R. M. Morse, Jr.*, for the defendant.

BY THE COURT. The judge merely stated to the jury the only legal meaning that the words of the answer in question would bear. *Harkins* v. *Standard Sugar Refinery*, 122 Mass. 400. *Exceptions overruled*.